United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INNA E.,[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-120 |
| | § | |
| MARKWAYNE MULLIN[2], *et al.*, | § | |
| *in their official capacities*, | § | |
| Respondents. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Petitioner requests an order directing Respondents to release her from immigration detention, claiming her detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. Dkt. No. 1 at 15-18. The Government responded with a Motion for Summary Judgement asking the Court to continue detention as mandatory. Dkt. No. 8. For the following reasons, it is recommended the Court deny the Petition.

Petitioner is a native of Ukraine and a citizen of Russia, currently detained by Immigration and Customs Enforcement at the El Valle Detention Facility in Willacy County, Texas. Dkt. No. 1 at 1. Immigration officials detained Petitioner in December of 2025. Dkt. No. 1 at 2; Dkt. No. 8 at 2; Dkt. No. 9 at 11. On January 6, 2026, an Immigration Judge denied Petitioner's request for a custody redetermination hearing. Dkt. No. 8-5. On February 4, 2026, an Immigration Judge denied Petitioner's applications for Asylum, Withholding of Removal under INA § 241(b)(3), and Withholding of Removal under the Convention against

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner sought relief against Kristi Noem in her official capacity as the Attorney General. Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is substituted as the proper Respondent.

Torture. Dkt. No. 8-6 at 1. On the same day, Petitioner was ordered removed to Russia. Dkt. No. 8-6 at 3. Petitioner filed a timely appeal of the Immigration Judge's order to the Board of Immigration Appeals (BIA). Dkt. No. 8-7. That appeal remains pending. *See* EOIR Automated Case Information, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/ (last visited on September 10, 2026).

Petitioner challenges her current detention by immigration authorities as a violation of the Due Process Clause of the Fifth Amendment and as a violation of the Immigration and Naturalization Act. Dkt. No. 1.

First, Petitioner's challenge to the statutory authority under which she is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenge to her detention while her immigration proceedings are pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **GRANT** Respondent's Motion for Summary Judgment (Dkt. No. 8),

(3) **DENY AS MOOT** "Petitioner's Motion to Submit Supplemental Authority in Further Support of Her Petition for Writ of Habeas Corpus" (Dkt. No. 10)[3], and

(3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.

[3] In the Motion to Supplement Authority, Petitioner seeks leave to submit *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026). Since the filing of Petitioner's Motion, the Fifth Circuit opinion has been vacated, *Sosnava Rodriguez v. Ortega*, No. 26-50183, Dkt. No. 174-1 (5th Cir. July 10, 2026).

1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 11, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge